IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HANCOCK BANK, a Mississippi bank,

    Plaintiff,

v.                                      CASE NO. 5:13-cv-00037-RS-GRJ

TAUNTON TRUSS, INC., a Florida corporation, ABIGAIL J. TAUNTON, DAVID TAUNTON, U.S. DEPARTMENT OF THE TREASURY-INTERNAL REVENUE SERVICE, WOODFORD PLYWOOD, INC., a Georgia corporation, LAKESIDE LUMBER CO., L.L.C., an Alabama limited liability company, OFC HOLDING , LLC, a Georgia limited liability company, OFC CAPITAL CORPORATION, a Georgia corporation, and CIT SMALL BUSINESS LENDING CORPORATION, a Delaware corporation,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's Motion For Final Summary Judgment, Request for Judicial Notice, For Appointment of Special Master. (Doc. 20.) Defendants David L. Taunton and Abigail J. Taunton, proceeding *pro se*, have filed a joint response to the motion for summary judgment. (Doc. 21.) The other named Defendants have either been defaulted, been voluntarily dismissed or have not filed a response and the time for doing so has passed. The motion is therefore ripe for review. For the reasons discussed below, Plaintiff's Motion for Final Summary Judgment and for appointment of special master is due to be granted.

## I. <u>Discussion</u>

This is an action to foreclose on a mortgage on real property located in Gulf County, Florida and for breach of a promissory note and guarantees. In October 2003 Defendant Taunton Truss, Inc. ("Taunton Truss") executed and delivered to Peoples First Community Bank ("Peoples") a promissory note in the original principal amount of $175,000.00 and a mortgage on real property to secure the indebtedness. The notes and mortgage were renewed, restated and/or extended several times. On October 17, 2009 the loan, represented by the note and secured by the mortgage, matured and Taunton Truss failed to make the payment in full. Hancock Bank ("Hancock") is the current owner and holder of the note and mortgage by virtue of an assignment from the Federal Deposit Insurance Corporation, as Receiver for Peoples.

Defendants Abigail Taunton and David L. Taunton (the "Tauntons") are named as parties in this suit because they each executed guarantees of the note. The remaining Defendants were named as parties because each of them may claim or hold an interest in the real property, which is inferior, junior and subordinate to the lien of the mortgage.

The only Defendants, who have filed answers to the complaint, are the Tauntons, proceeding *pro se* (Doc. 14) and the United States. (Doc. 18.) The Tauntons did not raise any affirmative defenses. Instead, the Tauntons admitted that they were unable to pay the full amount of the note asserting that their failure to do so was because of the economic recession, which resulted in the eventual closure of Taunton Truss. As relief the Tauntons request that the Court dismiss them individually from the

suit because they "did everything humanly possible to live up to their responsibility" or alternatively require Hancock to restructure the note "in such a way that repayment would be at least possible."

Defendants Taunton Truss, Woodford Plywood, Inc. Lakeside Lumber Co., L.L.C., OFC Holding, LLC and OFC Capital Corporation were properly served but did not respond to the complaint as required by law and, accordingly, a clerk's default was entered against each of these defendants on March 8, 20013. (Doc. 17.) The United States answered the Complaint and simply raised the its rights of redemption in accordance with 28 U.S.C. § 2410(c).

The only parties who responded to the motion for summary judgment were the Tauntons. In their response the Tauntons stated that granting the motion would "deprive [them] of their constitutional rights granted by the 14th Amendment ... " and further advised that the Defendants will be serving interrogatories to Plaintiff. The Tauntons assert that without answers to interrogatories it will not be possible for them to defend their rights. The Tauntons, however, fail to provide any specifics details about the information in the proposed interrogatories that would be necessary or relevant to the defense of this action or more particularly their ability to defend against the motion for summary judgment. Thus, the Tauntons' assertion that answers to interrogatories (that apparently have never been served) is insufficient to demonstrate under Rule 56(d) of the Federal Rules of Civil Procedure that the Court should defer ruling on the motion for summary judgment.

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary

judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the non-moving party." Samples on Behalf of Samples v. Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). As the Supreme Court held in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." Rollins v. Techsouth, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.

In support of Plaintiff's motion for summary judgment Plaintiff has filed an affidavit of indebtedness (Doc. 20, Ex. A), executed by Scott Bamford, an employee of Hancock, averring that Hancock owns and holds the relevant loan documents and that the Mortgage and the Amended Mortgage and Security Agreement were duly recorded in the Public Records of Gulf County, Florida. The affiant further avers that the loan matured, the Borrower (Taunton Truss) failed to make the payment in full and therefore the note and mortgage are in default. Finally, Mr. Bamford avers that Taunton Truss (the Borrower) and the Tauntons owe the total sum of $281,215.84 on the note, mortgage and guarantees, which sum includes principal, interest, property taxes and an

appraisal fee.

Because the Tauntons have not raised any affirmative defenses or submitted any affidavits or other admissible evidence to refute Plaintiff's assertions that the loan is in default or that the indebtedness is owed there is no genuine dispute as to any material fact and the Plaintiff is entitled to summary judgment in its favor as to the Tauntons.

With regard to the interest claimed by the United States, the interest is subordinate to the lien of the mortgage held by Hancock because the mortgage was recorded on October 8, 2003 prior to the 2011 and 2012 dates on which the Department of Treasury - Internal Revenue Service recorded the liens it has asserted against the property. *See, e.g.* United States v. Pioneer Ins. Co., 374 U.S. 84, 87-88 (1963)("The priority of the federal tax lien ... as against liens created by state law is governed by the common-law rule 'the first in time is the first in right.'"); Citizens and Builders Federal Savings Bank v. Coker, 1990 U.S. Dist. LEXIS 7000 (N.D. Fla. 1990). Therefore, the Plaintiff is entitled to summary judgment against the United States subject to the redemption rights afforded to the United States pursuant to 28 U.S.C. § 2410(c).

## II. Recommendation

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Motion For Final Summary Judgment, Request for Judicial Notice, For Appointment of Special Master (Doc. 20) should be **GRANTED**.

2. The Court should appoint Michael Rayboun as Special Master to handle the foreclosure sale.

3.  The Court should enter the Summary Final Judgment in the form provided by Plaintiff, a copy of which is attached to the motion as Exhibit B. (Doc. 20, Ex. B), and should expressly reserve jurisdiction to enter an award of attorney's fees and costs.

**IN CHAMBERS** at Gainesville, Florida this 30th day of April 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**