IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HANCOCK BANK, a Mississippi
Bank,

      Plaintiff,

v.                              CASE NO. 5:13-cv-37-RS-GRJ

TAUNTON TRUSS, INC., a Florida
Corporation, ABIGAIL J. TAUNTON,
DAVID J. TAUNTON, U.S.
DEPARTMENT OF TREASURY-
INTERNAL REVENUE SERVICE, et al.,

      Defendants.
_____/

## ORDER

The relief requested in Defendants Abigail and David Taunton's Motion to Have Judge Recused (Doc. 32) is **DENIED**. "A judge shall recuse himself if he is personally biased or prejudiced against a party or in favor of an adverse party, or whenever the judge's 'impartiality might reasonably be questioned.' " *In re Walker*, 532 F.3d 1304, 1310 (11th Cir. 2008)(citing 28 U.S.C. §§ 144, 455(a)). "The standard is 'whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality.' " *Id*. Defendants' basis for recusal is that I, while practicing law prior to becoming a judge, allegedly filed a suit against Defendant David Taunton on behalf of a client, State Senator George

Tapper. Any litigation was in the 1980s. This did not create any bias or prejudice against Defendant Taunton, and Defendants have failed to provide any evidence of such. "A trial judge has a duty to not recuse himself on unsupported speculation." *In re Evergreen Sec., Ltd.*, 363 B.R. 267, 296 (Bankr. M.D. Fla. 2007).

Additionally, motions for recusal are to be "timely" made. 28 U.S.C. § 144. "A recusal motion must be brought 'at the earliest possible moment after obtaining knowledge of the facts demonstrating the basis for such a claim.' " *In re Evergreen Sec., Ltd.*, 363 B.R. at 297. Defendants brought their motion for recusal six months into the case, after the foreclosure sale had already been conducted. Adverse rulings do not constitute grounds for recusal; they constitute grounds for appeal. *See id.*

**ORDERED** on August 15, 2013.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**